IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC P. LARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  06 C 0921 |
| | ) |
| | ) Judge Robert W. Gettleman |
| CONTINENTAL CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric P. Larson brought a four count complaint against defendant Continental Casualty Company ("CNA"), his former employer, in the Circuit Court of Cook County, Illinois, seeking $300,000 in deferred compensation allegedly promised to plaintiff in a written offer of employment. Counts I though IV allege, respectively, breach of contract, violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5, promissory estoppel, and quantum meruit. Defendant removed the case to this court pursuant to 28 U.S.C. §1441(a) by characterizing the deferred compensation clause as an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1000 *et seq.*, thus giving this court federal question jurisdiction under 28 U.S.C. §1331. Plaintiff has moved to remand pursuant to 28 U.S.C. §1447(c), arguing that the deferred compensation clause does not qualify as a "plan" under ERISA. For the reasons set below forth below, the motion is granted.

**FACTS**

On or about July 25, 2000, plaintiff received a written offer of employment (the "Offer") from defendant for the position of Senior Vice President Claims with defendant's CNA Health Pro division. The Offer contained a deferred compensation clause which provides:

> We will also provide a deferred compensation award of $300,000 on a one-time basis to recognize the potential loss of retirement income value of your previous employer's plan. This deferred compensation award would be payable in a lump sum at your age 60. In the event of your termination for any reason other than cause, the deferral would be paid to the date of termination, with accrued interest.

Plaintiff accepted defendant's Offer and worked for defendant from September 5, 2000 until he resigned on October 22, 2002. In an uncontested affidavit, plaintiff claims that "shortly after" resigning he demanded payment of the deferred compensation. Plaintiff next contacted defendant through his attorney on or about October 29, 2004, approximately two years and one week after his resignation, again demanding $300,000 in deferred compensation, which defendant rejected.

In its notice of removal and response to plaintiff's motion to remand, defendant argues that removal was proper under §1441(b) because the deferred compensation clause was an ERISA-regulated benefit plan. In support, defendant attached a document labeled "Deferred Cash Award—Health Pro New Hire Term Sheet" (the "Term Sheet") to its notice of removal and asserted that the Term Sheet was part of the employment agreement between the parties. The Term Sheet reads:

# Deferred Cash Award – Health Pro New Hire Term Sheet

| Provision | Description |
|---|---|
| Description | One-time mandatory deferral to recognize the potential loss of retirement income value due to changes in CNA retirement plan. |
| Deferral Amount (PV) | See below |
| Interest on Deferral | S-CAP Fixed Income Fund Rate (8% used for illustrative purposes). |
| Assumed Current Age | 46 |
| Deferral Payment Termination/Eligibility Age | No sooner than attainment of 'Rule of 65' (to be attained at age 56). |
| Deferral Payment Date | Two years following termination, subject to non-compete & non-solicitation conditions. |
| Form of Payment | Lump-sum cash payment |
| Non-Solicitation Condition | Two years following termination. |
| Non-Compete Condition | Two years following termination. |
| Projected Payout Schedule | *See schedule below* |

**Scenario 1**

| Assumed Age at Termination | Deferral Balance |
|---|---|
| 56 | $220,509 |
| 57 | $238,150 |
| 58 | $257,202 |
| 59 | $277,778 |
| 60 | $300,000 |

Deferral Amount $102,138

**Scenario 2**

| Assumed Age at Termination | Deferral Balance |
|---|---|
| 56 | $257,260 |
| 57 | $277,841 |
| 58 | $300,069 |
| 59 | $324,074 |
| 60 | $350,000 |

Deferral Amount $119,161

**Scenario 3**

| Assumed Age at Termination | Deferral Balance |
|---|---|
| 56 | $294,012 |
| 57 | $317,533 |
| 58 | $342,936 |
| 59 | $370,370 |
| 60 | $400,000 |

Deferral Amount $136,184

Plaintiff has moved to remand, asserting that ERISA does not preempt his claims because the deferred compensation clause is not regulated by ERISA and the Term Sheet is not part of his contract.

**DISCUSSION**

Plaintiff argues that because the deferred compensation clause contained in the Offer is not an ERISA-regulated benefit plan, this court lacks federal question subject matter jurisdiction under §1331. Defendant counters that the deferred compensation clause and Term Sheet establish an ERISA-regulated benefit plan, which completely preempts any state law claim plaintiff may have.

Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. 28 U.S.C. §1441(b) gives a defendant in state court the right to remove a case to the federal court in the district where the state court proceeding is pending if the case could have originally been filed in federal court (i.e. on federal diversity or federal question grounds). *Roberts & Schaffer Co. v. Merit Contracting, Inc.*, 901 F. Supp. 1349, 1351 (N.D. Ill. 1995). 28 U.S.C. §1447(c) requires a district court to remand a case to state court if it determines that the case was improperly removed. *Id.* The party invoking federal jurisdiction always has the burden of proving jurisdiction. *Western Transportation Co. v. Couzens Warehouse & Distributors, Inc.,* 695 F.2d 1033, 1038 (7th Cir.1982). In the instant case, the burden is on defendant.

ERISA establishes an exclusive federal cause of action for suits brought by beneficiaries to recover benefits from a plan within its coverage. *Metropolitan Life Insurance Co. v. Taylor*,

4

481 U.S. 58, 62-3 (1987). State law causes of action seeking to recover ERISA-regulated benefits are completely preempted. *Id*. at 62. Thus, this court's jurisdiction depends on whether the deferred compensation clause at issue qualifies as a "plan" under ERISA[1]

The court must decide two issues to determine if there is subject matter jurisdiction: (1) whether the Term Sheet is part of the deferred compensation clause; and (2) whether the deferred compensation clause is an ERISA-regulated benefit plan. The court concludes that: (1) the Term Sheet is not part of plaintiff's benefit plan and will not be considered in the court's determination of whether the deferred compensation clause is an ERISA-regulated benefit plan; and (2) the Offer does not establish an ERISA plan. Because there is no federal question, this court lacks original jurisdiction and the case was improperly removed.

To establish whether the Offer qualifies as a "plan" under ERISA, the 7th Circuit has established a two-part standard: first, the terms of the employee benefit plan must be reasonably ascertainable; second, the plan must require an ongoing administrative program to meet the employer's obligation. *Cvelbar v. CBI Illinois Incorporated*, 106 F.3d 1368, 1374 (7th Cir. 1997), *abrogated on other grounds by, Int'l Union of Operating Engineers v. Rabine,* 161 F.3d 427 (7th Cir.1998). The parties focus their arguments on the second part of the standard: whether the

---

[1]"Plan" means an employee welfare benefit plan or an employee pension benefit plan or a plan that is both. *Cvelbar v. CBI Illinois Incorporated*, 106 F.3d 1368, 1373 (7th Cir.1997)(citing 29 U.S.C. §1002(3)). An "employee welfare benefit plan" is "any plan, fund, or program…established or maintained by an employer…for the purpose or providing…medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." *Id*. (citing 29 U.S.C. §1002(1)). An "employee pension benefit plan" is "any plan, fund, or program…established or maintained by an employer…that…provides retirement income to employees, or…results in a deferral of income by employees for periods extending to the termination of covered employment or beyond..." *Id*. at 1374-75 (citing 29 U.S.C. §1002(2)(A)).

5

deferred compensation clause requires an ongoing administrative scheme.[2] Plaintiff argues there is no ongoing administrative scheme required by the deferred compensation clause in the Offer. Defendant counters that an ongoing administrative scheme is established by the Offer in combination with or independent of the Term Sheet.

Both parties devote considerable portions of their briefs arguing whether the Term Sheet may be considered by this court in its determination. Plaintiff argues the Term Sheet cannot be considered because he never received a copy of it and it was not a part of his complaint.[3] Under the well-pleaded complaint rule, a court may look only to the state court complaint and not to the defendant's response to determine whether the plaintiff's claim is subject to federal jurisdiction. *Moran v. Rush-Prudential HMO, Inc.*, 230 F3d 959, 966 (7th Cir. 2000). Plaintiff is partially correct in that the court usually determines jurisdiction based on the face of the plaintiff's complaint. *Doe v. Allied Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993). Indeed, a plaintiff may even preclude federal jurisdiction although certain federal questions may be implicit in his or her claim. *Id*. (citing, *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908)).

Plaintiff is incorrect, however, in categorically rejecting two exceptions to the well-pleaded complaint rule addressed by the defendant: the artful pleading and complete preemption doctrines.

---

[2]It is not clear from either party's arguments if there is a dispute about whether the terms of the benefit plan are reasonably ascertainable.

[3]Plaintiff also cites *Winter Government Securities Corporation v. NAFI Employees Credit Union*, 449 F.Supp. 239, 241 (S.D.Fl. 1978), and *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369, 370 (5th Cir. 1952), which hold that if a complaint filed in state court is not removable, the petition for removal cannot supply missing elements required to establish federal jurisdiction. However, both these cases are distinguishable because federal preemption was not at issue in either case and not included in either case's analysis. Further, the majority view is that the whole record brought forward on removal should be examined to determine removal jurisdiction. *Thompson v. Gillen*, 491 F.Supp. 24, 27 n.4 (E.D.Va. 1980).

6

Under the artful pleading doctrine, "a plaintiff may not frame his action under state law and omit federal questions that are essential to recovery." *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). Therefore, a federal court may look beyond the face of the complaint in some situations to ensure that the plaintiff has not artfully pleaded his complaint so as to couch a federal claim in terms of state law. *Id.* This option is exercised more readily where, as here, federal law completely preempts an area of state law. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1488 (7th Cir. 1996).

Under the complete preemption doctrine a complaint that asserts state law claims and does not mention a federal basis of jurisdiction may be recharacterized as a federal claim, so that removal is proper, when the state law claim has been completely preempted by Congress, as is the case with ERISA for all state laws "insofar as they relate to any employee benefit plan." *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41 (1987); *see Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 64 (1987). In determining whether ERISA preempts a cause of action that pleads only state law claims, courts are not limited by the complaint and may look beyond it to ensure that a plaintiff did not artfully plead his complaint. *Jass v. Prudential Health Care Plan, Inc.* 88 F.3d 1482, 1488-89 (7th Cir. 1996). Therefore, under the artful pleading and complete preemption doctrines, this court has the option of looking beyond the face of plaintiff's complaint to the Term Sheet in determining whether it is part of plaintiff's employment contract. The court concludes, however, that it is not.

Defendant attached the Term Sheet to its notice of removal to support its assertion that the deferred compensation clause is an ERISA-regulated benefit plan. Defendant points to the Term Sheet's alleged showing of non-solicitation and non-competition obligations and the "Rule of 65." Defendant argues that these terms were part of the employment agreement and, together with the

7

Offer, require an ongoing administrative scheme, bringing the deferred compensation clause within the scope of ERISA. Defendant, however, ignores a number of obscurities in the Term Sheet. It does not contain plaintiff's name or his signature. The section on "Interest on Deferral" sets a fixed interest rate on the deferral at 8%, but indicates that it is set at that rate for "illustrative purposes." The document references non-solicitation and non-competition conditions but does not describe what those terms mean. The same ambiguity holds for the three "scenarios" of the "Projected Payout Schedule." It is not entirely clear what those scenarios represent or what conditions trigger each of the three. Perhaps most disconcerting is the Term Sheet's indication that it is a "draft."

In short, the entire document is so vague and ambiguous that it does not even come close to rising to the level of an employment agreement that could encompass an employee pension plan. It fails to set forth any sort of binding obligation between the parties that would qualify the document as part of a benefit plan under ERISA. Contrary to defendant's position that it was prepared specifically for plaintiff because he was foregoing retirement income from his former employer, the Term Sheet's "description" states that the "cash award" was to be a "One-time mandatory deferral to recognize the potential loss of retirement income value *due to changes in CNA retirement plan*." (Emphasis added.) At most, the Term Sheet could be characterized as an attempt to summarize a benefit plan that was never presented to or acknowledged by plaintiff, or otherwise incorporated into his employment agreement.

Defendant's postulation that the Term Sheet is a part of the deferred compensation clause is further flawed by the fact that plaintiff never received a copy of it, a fact that defendant does not dispute. Under ERISA, a beneficiary of an employee benefit plan must be furnished a copy of the

8

plan or a summary plan description ("SPD"). 29 U.S.C.A §1024(b)(1). Defendant's failure to include the term sheet or an SPD is sufficient evidence that defendant did not consider the term sheet to be part of an ERISA plan.[4] Nor does the defendant assert that plaintiff was given any notice of the additional terms, beyond the fact that the Offer could be reasonably interpreted to refer to additional terms.

One purpose of the artful pleading doctrine is to overcome a party's *avoidance* of federal jurisdiction. *See International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001); *see also City of Gary ex rel. King v. Smith & Wesson Corp.*, 94 F. Supp.2d 947, 954 (N.D. Ind. 2000); *Castellanos v. U.S. Long Distance Corp.*, 928 F.Supp. 753, 755 (N.D. Ill. 1996). The term "avoid" implies a proactive attempt to skirt around the federal law that confers subject matter jurisdiction. It was plaintiff's understanding from the Offer and negotiation process that the deferred compensation was to be a one-time, lump-sum payment. Under *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1 (1987), it is well-established that deferred compensation administered on a one-time basis triggered by a singular event does not rise to the level of an ERISA plan. Given the fact that plaintiff never received a copy of the Term Sheet, nor was he aware that there were additional terms to the deferred compensation award, the court cannot conclude that plaintiff attempted to avoid federal jurisdiction by artful pleading. It is of no consequence, contrary to defendant's argument, that the Offer could be reasonably interpreted to include additional terms when those terms are completely ambiguous and were never furnished to plaintiff.

---

[4]Although defendant submits an affidavit from Linda Karno, Senior Paralegal for CNA, and attached to it a copy of the Summary Plan Description of the CNA Retirement Plan, it is not even stated in Ms. Karno's affidavit that plaintiff ever received a copy of the term sheet.

Since the Term Sheet will not be considered by this court, the Offer is the only evidence that will be considered in determining whether the deferred compensation clause qualifies as an ERISA-regulated benefit plan. The court concludes that it does not.

The only term in the Offer that defendant cites to establish an ongoing administrative scheme is the Offer's indication that the deferred compensation would be paid to the date of termination so long as plaintiff was terminated for any reason other than cause. Defendant errs in asserting that a for-cause determination by itself constitutes an ongoing administrative scheme. In support of this assertion defendant cites *Cvelbar* which considered termination for cause as *one* factor in making a finding of ongoing administration. *See Cvelbar*, 106 F.3d at 1376-77. However, defendant fails to note that *Cvelbar* also took into account a non-competition covenant, yearly reevaluations of the employee's benefit entitlement, and unfixed medical benefits. *Id*. Further, the deferred compensation award in that case was to be paid over a period of years and did not simply require a one-time, lump-sum payment. Put simply, making a for-cause determination alone is not enough to constitute an ongoing administrative scheme. *See Emery v. Bay Capital Corporation*, 354 F.Supp. 589, 596 (1st Dist. 2001).

Most significant to the conclusion that the letter does not establish an ERISA-regulated benefit plan is that the Offer does not even indicate that the $300,000 is a pension benefit. The Offer indicates the $300,000 would be payable when plaintiff turns 60 years old and recognizes that the deferred compensation award was meant to offset the potential loss of retirement income of his previous employer's plan. However, that does not point to the conclusion that the $300,000 is a retirement benefit. It is entirely possible that plaintiff would have continued his employment past

the age of 60.  ERISA regulates *post-employment* retirement benefits.  Here, defendant has failed to establish that the $300,000 is payable only upon retirement.

## **CONCLUSION**

For the foregoing reasons, the court grants plaintiff's motion to remand the case to the Circuit Court of Cook County.  The conclusions of this opinion are for jurisdictional purposes only and nothing should be used to decide the merits of any claim heard in state court.

**ENTER:** **JULY 21, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**